IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMM NET, Inc., a California Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | 8:12CV336 |
| V. | ) ) | |
| EMS, INC., a Nebraska Corporation, MITCH JOHNSON, and DOES 1 THROUGH 25, inclusive, | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

    This matter is before the Court on Plaintiff's Motion to Compel (filing 30) and Plaintiff's Motion for an Order to Serve Subpoenas Duces Tecum on Non-parties (filing 31). For the reasons set forth below, Plaintiff's motions will be denied.

## BACKGROUND

    Plaintiff's Complaint alleges that in May, 2009, Plaintiff and Defendant EMS, Inc. ("EMS") entered into a contract in which EMS agreed to provide Plaintiff services related to inbound telephone calls received by EMS on behalf of Plaintiff. The primary service EMS provided was selling Plaintiff's bundled cable services to cable service subscribers. In January, 2012, Plaintiff notified EMS that it was terminating the contract. Plaintiff commenced this suit on September 20, 2012, alleging that EMS breached the contract by failing to provide Plaintiff with a "dedicated manager" for its account as allegedly agreed by the parties, and by nevertheless charging Plaintiff for this service. The Complaint also asserts claims for fraud and unlawful trade practices.

## DISCUSSION

    Plaintiff seeks an order compelling EMS to respond to Plaintiff's second set of document production requests. These requests seek service agreements between EMS and

several of EMS' other clients, including Bluepay; Purely Voice Cell; Inventure Foods; Motion Computing, Inc.; Petlink; Sargents Pet Care Products, Inc.; Pan Digital; Star Mobile, Inc.; and Truist.  Additionally, Plaintiff wants EMS to produce all documents that depict EMS' invoicing for services provided to these non-parties.  Plaintiff also requests that EMS produce (1) operations manuals of the Echopass Phone System; (2) operations manuals of the Interactive Intelligence phone system; (3) EMS' profit-and loss statements and balance sheets for the past five years; and (4) payroll records.

EMS claims that all of the requested documents are irrelevant to the claims involved in this suit and that the requests are overly burdensome.[1]  Further, with respect to the documents relating to third-parties, EMS contends that the materials are proprietary in nature and that it is prevented by contract from producing them.  EMS also represents that it does not have any phone manuals for the Echopass Phone System.

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly construed, and "[d]iscovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action."  *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009).  The party seeking discovery must make a threshold showing that the requested information or documents are relevant to claims or defenses.  *Id*.  "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case."  *Id*.

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto.  Unless the task of

---

[1] EMS claims, however, that it previously produced the requested payroll records and that it is willing to produce these documents again in the event Plaintiff cannot locate them.

producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991). Therefore, the party opposing the motion to compel has the "burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Whittington v. Legent Clearing, LLC*, No. 8:10CV465, 2011 WL 6122566 , * 3 (D. Neb. Dec. 8, 2011).

Plaintiff argues that the requested documents are relevant and necessary to show "a common scheme and plan on behalf of Defendants to defraud and overbill its customers." (Filing 30.) Plaintiff also believes that the documents will show "Defendants' business practices, billing practices and modus operandi" and will provide more information regarding the use of dedicated service managers. (*Id*.)

Conversely, EMS represents that the documents are irrelevant because (1) only one of the listed clients has a "dedicated manager" similar to the "dedicated manager" Plaintiff is claiming it did not receive; (2) two of the clients are no longer in existence; (3) five of the clients only use "shared agents," and do not use "dedicated agents;" (4) the services Plaintiff requested from EMS were materially different from the services provided to the other clients because Plaintiff wanted EMS to sell bundled services, while the other clients wanted EMS to provide customer support and technical services for the clients' own products and services; (5) all of EMS' service agreements with its clients are different, containing different negotiated terms and conditions related to the services provided, such as the length of the agreement, payment terms, required deposits, services performed, termination provisions, and the type of agents who work on the account; and (6) the requested service agreements and invoices do not show the names of the agents or managers who worked on the respective accounts, how many hours an individual worked on the accounts, the dates work was performed on the accounts, or what work was performed.

Plaintiff has not demonstrated that the documents are relevant to the claims involved in this action. The allegations in the Complaint are narrow and fairly straight-forward. Plaintiff alleges it paid $3,800 a month for a "dedicated manager," but did not receive one. It is not apparent to the Court how documents related to services provided to other parties is

relevant to the claims in this suit, particularly where the service agreements with these other clients are different than that between Plaintiff and EMS. Plaintiff's motion to compel will be denied.

Plaintiff also desires to serve subpoenas duces tecum on EMS' other clients, including Bluepay Technology, LLC; Inventure Foods; Motion Computing, Inc.; Petlink; Sargents Pet Care, Inc.; Star Mobile, Inc.; and Truist. The proposed subpoenas request the following information: (1) any and all agreements between the client and EMS that existed from January 1, 2008 to the present; and (2) any and all documents, including but not limited to, invoices, bills, checks, emails, notes, memorandum, or statements that evidence charges for services provided to the client by EMS. Again, Plaintiff claims that the documents are relevant because it believes they will show a pattern and practice by Defendant of overbilling its customers. EMS objects to the subpoenas, claiming that they seek irrelevant information and are overly burdensome.

As discussed above, Plaintiff has not demonstrated how these third-party documents are relevant to the narrow issue involved in this suit, that is, whether Plaintiff was charged for services it did not receive.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel (filing 30) and Plaintiff's Motion for an Order to Serve Subpoenas Duces Tecum on Non-parties (filing 31) are denied.

**DATED January 16, 2014.**

                         **BY THE COURT:**

                         S/ F.A. Gossett
                         **United States Magistrate Judge**