IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **COMM NET, INC.,** ) | CASE NO. 8:12CV336 |
| a California Corporation, ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| v. ) | |
| ) | |
| **EMS, INC., a Nebraska Corporation,** ) | |
| **MITCH JOHNSON, and DOES 1** ) | |
| **THROUGH 25, inclusive,** ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Defendants' Motion in Limine (Filing No. 38). For the reasons discussed below, the Motion will be granted in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Comm Net, Inc. ("Comm Net") brought this action against EMS, Inc. ("EMS"), Mitch Johnson ("Johnson") and Does 1 through 25 ("Does"), alleging breach of contract, fraud, and violation of Nebraska's Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq.* (First Amended Complaint, Filing No. 21.) Essentially, Comm Net alleges that it entered into a contract with EMS and its president, Johnson, through which EMS was to provide certain inbound-call services for EMS customers, and EMS breached the contract by failing to provide a dedicated manager for the customers' calls. EMS has counter-claimed, alleging Comm Net breached the contract by failing to pay for services provided. (Answer and Counterclaim, Filing No. 11.)

Comm Net filed an Expert Witness Disclosure Statement (Filing No. 40-1), designating its president, John Pedersen ("Pedersen"), and its vice-president, Paul Bonilla ("Bonilla"), as expert witnesses. EMS and Johnson have moved, in limine, to preclude any

purported expert testimony from Pedersen and Bonilla, arguing that they do not qualify as experts under Fed. R. Evid. 702, and the Disclosure Statement provided by Comm Net was deficient under Fed. R. Civ. P. 26(a)(2). In response, Comm Net argues that Pedersen and Bonilla are not retained experts, nor were they specially employed to provide expert testimony in this case, nor do their job duties regularly involve giving expert testimony. (*See* Fed. R. Civ. P. 26(a)(2)(B).) Accordingly, Comm Net argues that Pedersen and Bonilla were not required to submit signed reports satisfying the criteria of Fed. R. Civ. P. 26(a)(2)(B), but Comm Net was only required to disclose the subject matter on which they are expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a summary of the facts and opinions to which they are expected to testify. (*See* Fed. R. Civ. P. 26(a)(2)(C).)

## DISCUSSION

The EMS Expert Witness Disclosure Statement (Filing No. 40-1) generally describes the testimony of Pedersen and Bonilla as that of fact witnesses, with the exception of certain references to EMS's alleged loss of revenue, and the purported cause of such losses.

Fed. R. Civ. P. 26(a)(2)(C) was amended in 2010 to require parties to disclose certain information regarding the opinions expected to be offered by their non-retained experts. Such disclosures "must state: (I) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Id.*

Regardless of what expertise Pedersen and Bonilla may or may not possess, they will not be permitted to offer opinions at trial if those opinions were not fairly summarized

in the EMS Expert Witness Disclosure Statement. EMS's statement that Pedersen and Bonilla "will testify to the loss of business due to Defendant's performance, decreased call volume, the cost to transfer the work to another provider, and all lost revenue" is not a "summary of the facts and opinions" sufficient to support any expert opinion as to the amount of EMS's losses or the cause of such losses.

Accordingly,

IT IS ORDERED:

1. Defendants' Motion in Limine (Filing No. 38) is granted in part, as follows:

>    Plaintiff Comm Net, Inc.'s proposed expert witnesses, John Pedersen and Paul Bonilla, will not be permitted to offer any expert opinions not disclosed in Comm Net, Inc.'s Expert Witness Disclosure Statement (Filing No. 40-1), including any expert opinions as to the calculation of Comm Net, Inc.'s alleged damages or the cause of such damages; and

2. The Motion in Limine is otherwise denied, without prejudice to the Defendants asserting objections at the time of trial.

DATED this 6th day of February, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge