IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COMM NET, INC., a California Corporation, | ) ) ) | CASE NO.  8:12CV336 |
| Plaintiff, | ) ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| EMS, INC., a Nebraska Corporation, MITCH JOHNSON, and DOES 1 THROUGH 25, inclusive, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion in Limine (Filing No. 57), and the Plaintiff's Motion in Limine (Filing No. 64).  For the reasons discussed below, Defendants' Motion in Limine will be granted in part, and Plaintiff's Motion in Limine will be granted, consistent with Fed. R. Civ. P. 26(a)(2).

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Comm Net, Inc. ("Comm Net") brought this action against EMS, Inc. ("EMS"), Mitch Johnson ("Johnson") and Does 1 through 25 ("Does"), alleging breach of contract, fraud, and violation of Nebraska's Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq*. (First Amended Complaint, Filing No. 21.)  Essentially, Comm Net alleges that it entered into a contract with EMS and its president, Johnson, through which EMS was to provide certain inbound-call services, and EMS breached the contract by failing to provide a dedicated manager for Comm Net customers' calls.  EMS counter-claimed, alleging Comm Net breached the contract by failing to pay for services provided. (Answer and Counterclaim, Filing No. 11.)

EMS has moved for an order prohibiting Comm Net from offering any evidence, argument, or reference to: (1) damages under the Nebraska Uniform Deceptive Trade Practices Act, (2) attorney fees in connection with its breach-of-contract or fraud actions, (3) punitive damages, (4) damages beyond the sixty-day notice of termination pursuant to the parties' contract, and (5) damages on Comm Net's fraudulent misrepresentation claim in excess of actual overcharges alleged in the First Amended Complaint.

Comm Net has moved for an order prohibiting EMS and Johnson from offering any evidence, argument, or reference to opinions or conclusions of their retained expert, John Elliott, that were not set out in the expert witness disclosure dated January 31, 2014.

## DISCUSSION

### I. The EMS Motion

The Nebraska Uniform Deceptive Trade Practices Act provides for injunctive relief and attorney fees, and does not limit other remedies available through common law or statute.  Neb. Rev. Stat. 87-303 (Cum. Supp. 2012).  Comm Net does not argue that damages are available under the Uniform Deceptive Trade Practices Act, nor does Comm Net assert that its Amended Complaint seeks any injunctive relief.  Instead, Comm Net suggests that evidence at the time of trial may indicate that injunctive relief is in order and, in that event, Comm Net should be given leave to amend its pleadings to seek such relief. Comm Net also notes that its Amended Complaint sought "such other and further relief as the nature of the case may require, or as may seem just and proper to the Court" and the Court has inherent power to grant injunctive relief.  Comm Net does not address EMS's arguments with respect to attorney fees or punitive damages.

2

Comm Net will be precluded, in limine, under Fed. R. Evid. 401 and 403, from offering evidence or argument before the jury related to (1) any claim for damages under the Nebraska Uniform Deceptive Trade Practices Act, (2) any claim for injunctive or other equitable relief, (3) any claim for attorney fees in connection with its breach-of-contract or fraud claims, and (4) any claim for punitive damages.  At the time of trial, the Court will discuss with counsel whether any special instructions should be submitted to the jury to address issues of knowledge or intent relevant to any potential award of attorney's fees under the Nebraska Uniform Deceptive Trade Practices Act.

With respect to Comm Net's breach-of-contract claim, EMS argues that Comm Net may not seek damages beyond the sixty-day notice-of-termination provision in the parties' contract and, therefore, is limited to damages incurred on or before March 10, 2012.  With respect to Comm Net's fraudulent misrepresentation claim, EMS argues that Comm Net may not seek consequential damages for alleged loss of business or the cost of obtaining a new service provider, but is limited to the amount of EMS's alleged overcharges for the dedicated manager.  Comm Net contends that because the Defendants fraudulently induced Comm Net to execute the contract between the parties, Comm Net's damages are not limited to the sixty-day notice-of-termination period, and Comm Net is entitled to seek consequential damages for the cost of obtaining a new service provider and its loss of business through May 2012.  The Court will not limit Comm Net's arguments and evidence regarding damages through an order in limine, but will address the parties' arguments at the time of the pretrial meeting.

## II. The Comm Net Motion

Comm Net seeks to preclude EMS and Johnson from eliciting opinions from their retained expert, John Elliott, that were not disclosed in his report dated January 31, 2014. (Comm Net "respectfully requests that DEFENDANTS' expert be limited to only those opinions expressed in his written report." Plaintiff's Brief, Filing No. 64 at 7.) In response, EMS and Johnson suggest that "Mr. Elliott should be allowed to testify consistent with the opinions expressed in his report and also provide rebuttal evidence consistent with the opinions expressed in his report." (Defendants' Brief, Filing No. 66 at 5.)

It does not appear that there is any true controversy between the parties with respect to the admissibility of Elliott's testimony. Regardless, his testimony will be limited to the opinions fairly presented in his expert report, consistent with Fed. R. Civ. P. 26(a)(2)(B).

Accordingly,

IT IS ORDERED:

1. Defendants' Motion in Limine (Filing No. 57) is granted in part as follows:

    Comm Net will be precluded, in limine, under Fed. R. Evid. 401 and 403, from offering evidence or argument before the jury related to (1) any claim of damages under the Nebraska Uniform Deceptive Trade Practices Act, (2) any claim for injunctive or other equitable relief, (3) any claim for attorney fees in connection with its breach-of-contract or fraud claims, and (4) any claim for punitive damages,

    and the Motion is otherwise denied, without prejudice, and

2. Plaintiff's Motion in Limine (Filing No. 64) is granted, as follows:

4

The testimony of Defendants' expert witness, John Elliott, will be limited to the opinions fairly presented in his expert report dated January 31, 2014, consistent with Fed. R. Civ. P. 26(a)(2)(B).

DATED this 30th day of April, 2014.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              Chief United States District Judge